UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |
|---|---|---|---|

| Title | **Pamela Ko v. The Anthem Companies, Inc. et al** |
|---|---|

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motions to Remand and to Compel Arbitration**

Before the Court are two motions.

First, Plaintiff Pamela Ko ("Ko") filed a motion to remand the action to Los Angeles County Superior Court. Mot., Dkt. No. 14. Defendants The Anthem Companies of California, Inc. ("Anthem CA") and The Anthem Companies, Inc. ("Anthem Inc.") (collectively "Defendants") opposed. Opp'n, Dkt. No. 19. Ko replied. Reply, Dkt. No. 21.

Second, Defendants filed a motion to compel arbitration. Mot., Dkt. No. 17. Ko opposed. Opp'n, Dkt. No. 20. Defendants replied. Reply, Dkt. No. 22.

For the following reasons, the Court **DENIES** the motion to remand and **GRANTS** the motion to compel arbitration.

### I. BACKGROUND

#### A. Allegations in the Complaint

On September 30, 2019, Ko filed her Complaint in Los Angeles County Superior Court against Defendants, alleging eight causes of action, for (1) disability and medical condition discrimination; (2) retaliation in violation of the Fair Employment and Housing Act ("FEHA"); (3) denial of leave under Government Code §§ 12945.1 and 12945.2 (collectively "the CRFA"); (4) retaliation in violation of CRFA; (5) failure to provide a

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |
| Title | Pamela Ko v. The Anthem Companies, Inc. et al | | |

reasonable accommodation; (6) failure to engage in the interactive process; (7) failure to prevent discrimination and retaliation; and (8) wrongful termination in violation of public policy. Compl., Dkt. No. 1-2.

Ko began working for Defendants in February of 2014 as a Manager in "utilization management." Id. ¶ 13. She was terminated on or about July 19, 2019, while she was on medical leave due to cancer. Id. She was approved for FMLA/CFRA leave from June 6, 2018 to June 10, 2019. Id. ¶ 14. On June 5, 2019, she submitted paperwork to Defendants requesting an extension of her leave through October 1, 2019, but was ignored. Id. ¶ 15. She was terminated because she did not return to work after her leave of absence expired. Id. ¶ 17.

On September 27, 2019, Ko filed a Charge of Discrimination with the Department of Fair Employment and Housing against Defendants and obtained a Right-to-Sue notice authorizing her to institute this action. Id. ¶ 18.

**B.     Procedural Background**

On December 17, 2019, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. Not., Dkt. No. 1. According to Defendants, Anthem Inc. is a citizen of Indiana and Anthem CA "is a sham defendant that should be disregarded for purposes of removal." Id. ¶ 10. Anthem CA "has no connection to [Ko] or her employment with" Anthem Inc., Defendants argue, because Anthem Inc. employed Ko and issued all of her wage statements, and Anthem CA is not named on any documenting evidencing her employment. Id. ¶ 12. As a result, Defendants assert "it is impossible for [Ko] to establish any liability against [Anthem CA] for her employment-related claims because no employment relationship exists or ever existed between" Ko and Anthem CA. Id. Thus, Defendants claimed, complete diversity existed between the parties and the Court had jurisdiction over the action.

On January 16, 2020, Ko filed a motion for remand, contending that Defendants have not offered sufficient proof that Anthem CA is a sham defendant and therefore cannot allege diversity of parties. Mot., Dkt. No. 14.

On February 3, 2020, Defendants filed a motion to compel arbitration. Mot., Dkt.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |
|---|---|---|---|

| Title | **Pamela Ko v. The Anthem Companies, Inc. et al** |
|---|---|

No. 17.

**C.     Arbitration Policy**

On January 13, 2014, Ko submitted her employment application through The Wellpoint Companies, Inc.'s[1] talent acquisition website. The online application includes the following acknowledgment:

> If I am an applicant for employment in California, *I understand if employed, I will be subject to the WellPoint California Arbitration policy*. Thus, I agree to submit any dispute related to my employment or the termination of my employment to final and binding arbitration, as more fully described in the WellPoint California Arbitration policy.

Declaration of Cynthia Crowder ("Crowder Decl."), Dkt. No. 17-2 ¶ 6, Ex. 1 (emphasis added).

On February 3, 2014, Anthem sent Ko a letter offering her a position. Id. ¶ 8, Ex. 2. The offer letter, which Ko hand-signed, states "you will be subject to the Company's *binding arbitration policy*, as more fully described on MyHR, HR Policies, Arbitration." Id. (emphasis added). The letter further instructed Ko to contact Neida Cazares, an Associate Talent Acquisition Consultant, or Manny Estacio, a Talent Acquisition Support Specialist, if she had any questions about the offer. Id. The offer letter also informed Ko that Anthem "uses an electronic onboarding portal to facilitate your pre-employment paperwork," which refers to Anthem's Taleo Onboarding system. Id.

Ko accessed the Taleo system on February 6, 2014. Id. ¶ 9. By doing so, she electronically signed a Policy Acknowledgment Statement, acknowledging that: (1) she read the documents available to her in Anthem's new hire portal, which included the Arbitration Policy, (2) understood that she was responsible for abiding by the policies and procedures listed therein, and (3) understood that she may direct any questions about the policies to her manager or Human Resources. Id., Ex. 3.

---

[1]  The Wellpoint Companies, Inc. became The Anthem Companies, Inc. effective November 13, 2014. Declaration of Cynthia Crowder, Dkt. No. 6 ¶ 3.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |
| Title | **Pamela Ko v. The Anthem Companies, Inc. et al** | | |

Anthem most recently updated its Arbitration Policy in September 2016 and before that, in January 2014 and February 2013. Id. ¶ 10, Exs. 4-6. Each version of the Arbitration Policy that was in effect at the time was made available to all Anthem associates via MyHR and Anthem Pulse. Id.

Anthem associates annually acknowledge their ability to access human resources policies via MyHR and Anthem Pulse during their annual "I am . . . Wellpoint" and "I am . . . Anthem" ethics and compliance refresher trainings, which are completed through an online training module. Id. ¶ 11. At the end of each of the online trainings, the training program asks all associates to electronically acknowledge and agree to several certifications including the following acknowledgment:

> I acknowledge that I have access to Human Resources policies via the Anthem [or WellPoint] intranet site and understand that I am responsible for reading and abiding by the policies and procedures listed therein and as amended from time to time.

Id., Ex. 7. Ko completed these trainings each year of her employment while not on medical leave, and Anthem issued her certificates of completion. Id. ¶ 12, Exs. 8-9.

Anthem has no record of Ko making any inquiries about or objecting to the Arbitration Policy at any time before or during her employment. Id. ¶¶ 13-14.

## II. Legal Standard

### A. Motion to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |
| Title | **Pamela Ko v. The Anthem Companies, Inc. et al** | | |

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff."  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted).  But a well-established exception to the requirement of complete diversity arises "where a non-diverse defendant has been 'fraudulently joined'" or is otherwise known as a sham defendant.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Joinder of a non-diverse defendant is deemed fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

In assessing whether the plaintiff fails to state a cause of action where fraudulent joinder is at issue, "the Court may look beyond the pleadings."  Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. Dec. 21, 2009).  "Thus, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."  Id.  The removing party asserting fraudulent joinder "carries a heavy burden of persuasion" in making this showing.  Nelson v. Diebold, Inc., 2015 WL 4464691, at *1 (C.D. Cal. July 21, 2015).  It must show "that the plaintiff 'fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'"  Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (alteration in original) (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)).  "Fraudulent joinder must be proven by clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

Therefore, where there is doubt as to whether the plaintiff states a cause of action against the defendant, "the doubt is ordinarily resolved in favor of the retention of the case in state court."  Albi v. Street & Smith Publications, Inc., 140 F.2d 310, 312 (9th Cir. 1944).  "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."  Macey, 220 F. Supp. 2d at 1117.

**B.     Motion to Compel Arbitration**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |

| | |
|---|---|
| Title | **Pamela Ko v. The Anthem Companies, Inc. et al** |

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq, a party to an arbitration agreement may bring a motion to compel arbitration in a federal district court. When determining whether to compel arbitration, a district court may not review the merits of the dispute. Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008). Instead, a district court is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). If a valid arbitration agreement exists, then a district court is required to enforce the arbitration agreement. Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004).

Applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2. Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 937 (9th Cir. 2001). However, "where a party specifically challenges arbitration provisions as unconscionable and hence invalid, whether the arbitration provisions are unconscionable is an issue for the court to determine, applying the relevant state contract law principles. This rule applies even where the agreement's express terms delegate that determination to the arbitrator." Jackson v. Rent-A-Center West, Inc., 581 F.3d 912, 918-19 (9th Cir. 2009), rev'd on other grounds by Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772 (2010).

A court may consider evidence beyond the complaint in ruling on a motion to compel. See Guadagno v. E*Trade Bank, 592 F. Supp. 2d 1263, 1266–69 (C.D. Cal. 2008) (examining declarations and exhibits in ruling on a motion to compel arbitration under the FAA). The party seeking to compel arbitration must prove the existence of an agreement to arbitrate by a preponderance of the evidence standard. Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014). If the moving party carries this burden, the opposing party must prove any contrary facts by the same burden. Castillo v. CleanNet USA, Inc., 2018 WL 6619986, at *10 (N.D. Cal. Dec. 18, 2018) (citing Bruni v. Didion, 160 Cal. App. 4th 1272, 1282 (Cal. App. 2008) ("The petitioner bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense.")). "In these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2436 JVS (DFMx)                    Date  March 26, 2020

Title     **Pamela Ko v. The Anthem Companies, Inc. et al**

discretion, to reach a final determination." Bruni, 160 Cal. App. 4th at 1282.

### III. DISCUSSION

**A.   Motion to Remand**

First, the Court addresses Ko's motion to remand. Ko argues that Defendants cannot meet their burden to establish that Anthem CA is a sham defendant by clear and convincing evidence. Mot., Dkt. No. 14 at 2.

Ko's wage statements were issued by Anthem Inc., which was formerly known as The Wellpoint Companies, Inc. at the time Ko began her employment at in 2014. Declaration of Cynthia Crowder, Dkt. No. 6 ¶ 3. Anthem CA is not mentioned in any of Ko's personnel documents or payroll records. Id. ¶ 4.

Defendants present evidence that Anthem CA is a common paymaster entity that exists only to process payroll and maintain payroll records for other Anthem-related entities, does not own any assets, and has no control over the day-to-day work of any Anthem employee. Declaration of Tina Crosley, Dkt. No. 19-1 ¶¶ 4-5. Indeed, Anthem CA's corporate filings with the California Secretary of State from 2018 and 2019 describe its business as a "corporation reporting payroll" and "payroll entity for regulated." RJN., Dkt. No. 19-3, Exs. A–B.[2]

In determining whether an employment relationship exists, the court must analyze the "totality of the circumstances." See Vernon v. State of California, 116 Cal. App. 4th 114, 124-25 (2004). Relevant factors in this inquiry include "payment of salary or other employment benefits and Social Security taxes, the ownership of the equipment necessary to performance of the job, the location where the work is performed, the

---

[2] Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). The Court takes judicial notice of the documents in Defendants' Request for Judicial Notice ("RJN") pursuant to Fed. R. Evid. 201. All of the documents in the RJN contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | **Pamela Ko v. The Anthem Companies, Inc. et al** | | |

obligation of the defendant to train the employee, the authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the authority to establish work schedules and assignments, the defendant's discretion to determine the amount of compensation earned by the employee, the skill required of the work performed and the extent to which it is done under the direction of a supervisor, whether the work is part of the defendant's regular business operations, the skill required in the particular occupation, the duration of the relationship of the parties, and the duration of the plaintiff's employment." Id. at 125.

Ko argues that even though Anthem CA "may not have issued [her] a paystub or appeared in her personnel file," the inquiry as to her employment relationship should not end there. Mot. at 3-4. But Ko's briefing does not otherwise offer any evidence in support of her alleged employment relationship with Anthem CA. The additional evidence Defendants provide regarding Anthem CA's functions, as noted above, shows that Ko cannot establish any of the other relevant factors involved in the employment relationship inquiry.

The Court finds that Ko cannot state a claim against Anthem CA, because she fails to allege that Anthem CA is her employer under California law. Merely alleging "a corporate relationship" between Anthem Inc. and Anthem CA "does not indicate that these companies shared control over the terms of [Ko's] employment." See Thomas v. Aetna Health of Cal., Inc., 2011 WL 2173715, at *8 (E.D. Cal. June 2, 2011). Defendants have met their burden of showing by clear and convincing evidence that Anthem CA is a sham defendant whose citizenship should be disregarded. Therefore, there is complete diversity between the parties, as it is undisputed that Ko is a citizen of California, Anthem Inc. is a citizen of Indiana, and the amount in controversy is met. Accordingly, the Court **denies** the motion to remand.

**B.     Motion to Compel Arbitration**

The parties dispute whether Ko agreed to be bound by the underlying Arbitration Policy. In addition, Ko argues that the Arbitration Policy is unconscionable.

   **1.     The Arbitration Policy was incorporated by reference and its terms created a valid contract**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |
| Title | **Pamela Ko v. The Anthem Companies, Inc. et al** | | |

    Under California law, parties to an agreement can incorporate the terms of another document into the agreement by reference. Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305, 1331 (2009); Wolschlager v. Fid. Nat. Title Ins. Co., 111 Cal. App. 4th 784, 790 (2003). "For the terms of another document to be incorporated into the document executed by the parties, the reference must be clear and unequivocal, the reference must be called to the attention of the other party and he must consent thereto, and the terms of the incorporated document must be known or *easily available* to the contracting parties." Shaw v. Regents of Univ. of Cal., 58 Cal. App. 4th 44, 54 (1997) (internal quotation marks omitted) (emphasis added).

    Ko first argues that "none of the arbitration policies purportedly in effect during [her] employment with Defendants were properly incorporated by reference, and thus, no contract exists." Opp'n at 4. For example, Ko contends "there is no evidence that the arbitration agreement was made available through the Taleo Onboarding system" or that the Arbitration Policy "was provided" to Ko. Id. at 5.

    This is incorrect. Defendants provide evidence that the Arbitration Policy was made available to Ko via the Taleo portal, and upon request as described in Ko's offer letter. See Crowder Decl. ¶¶ 6-10, Exs. 1-3. The Court finds that the Arbitration Policy was at least "easily available" to Ko, as it was contained within the portal she accessed when she submitted her onboarding documents, and called to her attention in her offer letter.

    The failure to attach an arbitration agreement to a contract "does not prevent the formation of a valid agreement to arbitration[,]" and no "specific warning" is required for such an agreement to be incorporated by reference into a contract. See Wolschlager, 111 Cal. App. 4th at 791. In addition, that multiple employment policies were accessible in the HR portal does not demonstrate that the Arbitration Policy was not easily available or undermine the conclusion that the application and the offer letter repeatedly called attention to that policy. Ko's decision not to read the application she submitted and the offer letter she signed (as set out in her Declaration, see Dkt. No. 20-1) does not prevent the formation of an agreement to arbitrate. See Stewart v. Preston Pipeline Inc., 134 Cal. App. 4th 1565, 1588 (2005) ("It is well established, in the absence of fraud, overreaching or excusable neglect, that one who signs an instrument may not avoid the impact of its terms on the ground that he failed to read the instrument before signing it." (internal

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |
| Title | **Pamela Ko v. The Anthem Companies, Inc. et al** | | |

quotation marks omitted)).

Accordingly, the Court finds that the Arbitration Policy was properly incorporated by reference into her employment application documents.

Further, Ko argues that the Policy "leaves material terms undecided" because it fails to identify which rules would govern any eventual arbitration and which organization would administer it. Opp'n at 7. Accordingly, Ko argues that the Policy's terms were "insufficiently definite to constitute a contract." Id. at 8. The Court disagrees with this argument: The Policy references the rules of either the American Arbitration Association or JAMS, and these rules are readily available on either entity's website.

### 2. The Arbitration Policy is not unconscionable

"[A]rbitration is a matter of contract." Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014) (quoting AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986)). Under both federal and California law, an arbitration agreement is valid and enforceable unless the movant waived his or her rights to compel arbitration or the agreement is "revocable for reasons under state law that would render any contract revocable." See 9 U.S.C. § 4; Cal. Code Civ. P. § 1281.2; see also Tiri v. Luck Chances, Inc., 226 Cal. App. 4th 231, 239 (2014) (citing Armendariz v. Foundation Health Psychare Services, Inc., 24 Cal. 4th 83, 98 (2000)). Courts apply state contract law to determine whether the parties are required to arbitrate and may consider state-law challenges, such as unconscionability, to the arbitration agreement's validity. Cox v. Ocean View Hotel, Corp., 544 F.3d 1114, 1121 (9th Cir. 2008).

In California, unconscionability has both procedural and substantive elements. Armendariz, 24 Cal. 4th at 114. Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power." Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dec., LLC, 55 Cal 4th 223, 246 (2012). Substantive unconscionability, on the other hand, is present if a contract's terms are "overly harsh" or "one-sided." Id. While both procedural and substantive unconscionability must be present, they need not be present to the same degree. Id. at 247. The more procedural unconscionability is present, the less substantive unconscionability is required, and vice versa. Id. The party challenging the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2436 JVS (DFMx)                               Date   March 26, 2020

Title     **Pamela Ko v. The Anthem Companies, Inc. et al**

arbitration agreement bears the burden of establishing each element. Id.

The Court finds that the Arbitration Policy is not unconscionable.

### a. Procedural unconscionability

Courts look to two factors when determining whether a contract is procedurally unconscionable: oppression and surprise. See Pinnacle, 55 Cal 4th at 246. "Oppression occurs where a contract involves lack of negotiation and meaningful choice, surprise where the allegedly unconscionable provision is hidden within a prolix printed form." Id. at 247.

It is true that an arbitration agreement that is a "take it or leave it" employment condition, without more, is procedurally unconscionable. Martinez v. Master Prot. Corp., 118 Cal. App. 4th 107, 114 (2004); see also Armendariz, 24 Cal. at 115. However, this scenario has been deemed to result in minimal procedural unconscionability. See, e.g., Collins v. Diamond Pet Food Processors of California, LLC, 2013 WL 1791926, at *4 (E.D. Cal. Apr. 26, 2013); Miguel v. J.P. Morgan Chase Bank, N.A., 2013 WL 452418, at *4 (C.D. Cal. Feb. 5, 2013); Saincome v. Truly Nolen of Am., Inc., 2011 WL 3420604, at *4-5, 10 (S.D. Cal. Aug. 3, 2011). "California law in this area is settled: when an employee continues his or her employment after notification that an agreement to arbitration is a condition of continued employment, that employee has impliedly consented to the arbitration agreement." Diaz v. Sohnen Enters., 34 Cal. App. 5th 126, 130 (2019).

The Court finds that Ko has not adequately established surprise, given that the Policy was mentioned in her offer letter and contained in the Taleo portal. But even if she could show procedural unconscionability, she must also establish substantive unconscionability.

### b. Substantive unconscionability

Even if Ko established procedural unconscionability, her argument still fails because she does not establish the Arbitration Policy's terms are overly harsh or one-sided. See Circuit City Stores, Inc. v. Najd, 294 F.3d 1104, 1108 (9th Cir. 2002)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |
| Title | **Pamela Ko v. The Anthem Companies, Inc. et al** | | |

("Under California Law, an agreement is unconscionable only if it is [both] procedurally and substantively unconscionable.").

Under California law, an arbitration agreement is lawful if it: "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonably costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." Armendariz, 24 Cal. 4th at 102.

As noted by the California Supreme Court in Armendariz, an arbitration agreement's lack of mutuality can render the agreement substantively unconscionable. Id. at 117-21. Lack of mutuality involves a one-sided agreement in which a party with superior bargaining power imposes limitations on the other party without accepting those limitations itself. Id. Furthermore, the Ninth Circuit has held that, "under California law, a contract to arbitrate between an employer and an employee ... raises a rebuttable presumption of substantive unconscionability." Ingle, 328 F.3d at 1174. This presumption applies "[u]nless the employer can demonstrate that the effect of [the] contract to arbitrate is bilateral...." Id. All that is required under California law is a mere "modicum of bilaterality." Armendariz, 24 Cal.4th at 117; Ingle, 328 F.3d at 1173.

The Court finds that the Arbitration Policy meets these requirements and is not lacking in mutuality, as both parties are subject to the same rules. First, it provides that arbitration will be in accordance with "a dispute resolution organization, either the American Arbitration Association ("AAA") or JAMS – The Resolution Experts ("JAMS")" unless the Parties mutually agree to another dispute resolution organization. Crowder Decl. ¶ 10, Ex. 6.

Second, both parties may "take the deposition of one individual and any expert witness designated by another party" and request documents and subpoenas as a matter of right. Id. The Policy permits requests for additional discovery and expressly states that the arbitrator "shall grant" such a request where the additional discovery permits a party to "adequately arbitrate a claim, including access to essential documents and witnesses." Id.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-2436 JVS (DFMx)                                    Date   March 26, 2020

Title      **Pamela Ko v. The Anthem Companies, Inc. et al**

Third, the Arbitration Policy provides the arbitrator "authority to order any remedies (legal and equitable) that a court of proper jurisdiction could order" including the authority to rule on motions to dismiss, motions for summary judgment, and motions for attorneys' fees and/or costs "applying the same standards a court would apply under the law applicable to the claim(s)." Id.

Fourth, the Arbitration Policy requires that the Arbitrator "issue an award and written opinion explaining the factual and legal basis for the award." Id. It states that the arbitration "shall be final and binding upon the parties." Id. This provision clearly permits judicial review; a general provision regarding finality is entirely unremarkable, and indeed one of the advantages of the arbitration process itself.

Fifth, the Arbitration Policy requires Anthem to pay all filing fees, additional fees and costs associated with arbitration other than amount not to exceed $250.00 which is to be paid by the employee if he or she initiates the arbitration proceeding. Id.

In sum, the Court finds that a valid agreement to arbitrate exists.

### 3.    The Arbitration Policy encompasses the dispute at issue

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). But, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T Techs., 475 U.S. at 648 (quoting United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960) ). The FAA reflects "both a liberal federal policy favoring arbitration . . . and the fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citations and quotation marks omitted).

Ko's claims fall within the scope of the Arbitration Policy, which covers "claims for breach of any contract or covenant (express of implied); wrongful termination claims; tort claims; [and] claims for discrimination (including but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition)." See Crowder Decl. ¶ 10, Ex. 6. Ko asserts claims for

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 19-2436 JVS (DFMx) | Date | March 26, 2020 |
|---|---|---|---|
| Title | Pamela Ko v. The Anthem Companies, Inc. et al | | |

discrimination, retaliation, failure to provide a reasonable accommodation, failure to engage in the interactive process, failure to prevent discrimination and retaliation, and wrongful termination. See generally, Compl.

## C. The Court stays the action pending arbitration

The Ninth Circuit has held that "a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1074 (9th Cir. 2014). There is a strong "preference for staying an action pending arbitration rather than dismissing it." MediVas, LLC v. Marubeni Corp., 741 F.3d 4, 9 (9th Cir. 2014). In addition, the FAA states the following:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis supplied). Accordingly, the Court stays the case.

## IV. CONCLUSION

For the foregoing reasons, the Court the Court **DENIES** the motion to remand and **GRANTS** the motion to compel arbitration. The Court **stays** the action pending arbitration.

The Court finds that oral argument would not be helpful in this matter and **vacates** the March 30, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2436 JVS (DFMx)                    Date   March 26, 2020

Title    **Pamela Ko v. The Anthem Companies, Inc. et al**

                                                                  :         0
                                        Initials of Preparer    lmb